FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2016 JUN 24  PM 3:40

DARCY BRANCH,

    Plaintiff,

vs.   Case No. 8:16-cv-1764-T-27-TBM

UNITED STATES DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DARCY BRANCH, hereby sues Defendant, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT ("HUD"), and respectfully alleges as follows:

### Count One

1. This is an action for money damages, among other relief, arising under the Privacy Act, 5 U.S.C. § 552a, which confers jurisdiction upon this Court.

2. Plaintiff, Darcy Branch, is an individual residing in Parrish, Manatee County, Florida, within the Middle District of Florida, Tampa Division. Accordingly, this Court is the proper venue of this action by virtue of 5 U.S.C. § 552a(g)(5).

3. Defendant, United States Department of Housing and Urban Development, is an agency of the United States Government.

4. From approximately 1996 through her constructive termination on or about June 9, 2015, Plaintiff was an employee of Housing Authority of Bradenton, Florida, a public agency

TPA-39563 $400

of local government. Plaintiff served in various capacities during said public employment, including service as Interim Executive Director of the Housing Authority from approximately September 2013 through her constructive termination.

5. Between 2011 and 2013, Plaintiff confidentially provided highly sensitive information to officials of the Defendant agency concerning fraud, waste and abuse by the then Executive Director of the Housing Authority, Wenston Desue, and another employee of the Housing Authority, Stephany Shaw.

6. As a result of the information provided by Plaintiff, a federal criminal investigation was opened by the Defendant's Office of Inspector General in Tampa, Florida.

7. The information provided by Plaintiff was bona fide and truthful. A federal criminal charge was eventually filed against Mr. Desue (Case No. 8:15-cr-151-T-24AEP). A conviction resulted.

8. Those employees of Defendant involved in the federal investigation in 2011 through 2014 knew and had reason to know of the confidential nature of Plaintiff's role in the investigation.

9. Plaintiff's role as an informant and whistleblower was set forth and reflected in one or more records that contained her name, among other sensitive information. Said records were part of a system of records under the control of the Defendant from which information could be retrieved by the name or other identifying particulars of Plaintiff, among others.

10. At relevant times, subject to exceptions not pertinent hereto, the Defendant agency was prohibited from disclosing any record which was contained in a system of records by means of communication to any person, or to another agency, except pursuant to a written

request by, or with the prior written consent of, the individual to whom the record pertained, namely Plaintiff.

11. Notwithstanding the foregoing prohibition, an employee of the Defendant agency believed to be attorney Frank Allen, then employed at the HUD Regional Office, knowing and having reason to know of the gross impropriety of the disclosure, wrongfully and with at least general intent disclosed from the system of records a protected record about Plaintiff and her role as informant and whistle blower to a private attorney then representing Mr. Desue in an administrative matter arising from Mr. Desue's misconduct.

12. The actual record that was wrongfully disclosed by Defendant has never been revealed to Plaintiff. The precise date of the disclosure is, upon information and belief, known to the agency but has never been revealed to Plaintiff.

13. Notwithstanding clear duties to reveal the wrongful disclosure to Plaintiff, the agency did not alert Plaintiff to the leak until June 24, 2014, at approximately 7 PM. In alerting Plaintiff, the agency employee who made the call told Plaintiff that she should deem her personal safety to be at risk.

14. Whenever any agency fails to comply with the Privacy Act or any rule promulgated thereunder, including the principle set forth in paragraph 10 of this Complaint, the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under 5 U.S.C. § 552a(g). The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case in which a complainant substantially prevails.

15. If the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to Plaintiff in an amount equal to the sum of actual

damages sustained by the Plaintiff as a result of the failure to comply with law, but in no case less than the sum of $1,000, and the costs of the action together with reasonable attorney fees as determined by the Court.

**16.** The above-described disclosure of the record pertaining to Plaintiff, combined with the delay in reporting the disclosure to Plaintiff, caused grievous harm and injury to Plaintiff, consisting of the following and injuries, among others: Harassment in her public employment, leading to an intolerable situation that reasonable individuals could not have endured and ultimately leading to her constructive termination on June 9, 2015; harassment by third parties even after the end of Plaintiff's employment; lost salary and future lost income in an amount as yet undetermined; posttraumatic stress disorder, irritable bowel syndrome, fibromyalgia, pain, suffering, mental anguish, loss of the enjoyment of life, and disability. Plaintiff's injuries are permanent and continuing and have caused actual damages estimated in the millions of dollars, for which Plaintiff is entitled to recover.

WHEREFORE Plaintiff demands judgment for actual damages as aforesaid, but not less than the sum of $1,000, costs of this action, reasonable attorney fees as determined by the Court and for such other relief as the Court deems just and proper.

## Jury Demand

Plaintiff hereby demands jury trial on all issues so triable.

DATED this 24th day of June, 2016.

    Respectfully submitted,

    TODD FOSTER
    Florida Bar No. 0325198
    Email: tfoster@tfosterlaw.com
    And
    /s/ Warren A. Zimmerman
    WARREN A. ZIMMERMAN
    Florida Bar No. 652040
    Email: wzimmerman@tfosterlaw.com
    **TODD FOSTER LAW GROUP**
    1881 W Kennedy Blvd.
    Tampa, FL 33606
    Telephone: (813) 229-7373
    Facsimile: (813) 280-9981
    *Attorneys for Plaintiff*